UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COANNE WILSHIRE,

                                Plaintiff,

                -against-                            20-CV-7998 (JPO)

L&M DEVELOPMENT PARTNERS;                ORDER OF SERVICE
LARKSPUR LLC; LARKSPUR MANAGERS
LLC; LEMLE & WOLFF CO.,

                                Defendants.

J. PAUL OETKEN, United States District Judge:

      Plaintiff, appearing *pro se*, invokes the Court's federal question jurisdiction, alleging that Defendants violated her rights under the Americans with Disabilities Act, the Fair Housing Act, and the Rehabilitation Act. The Court construes the complaint as also asserting claims under state law. By order dated October 23, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").

## DISCUSSION

      Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the

summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Larkspur LLC, Larkspur Managers LLC, L&M Development Partners, and Lemle & Wolff Co. through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to transmit a copy of this order to Plaintiff, together with an information package.[1]

---

[1] Plaintiff has consented to receive electronic service of Court documents. (ECF No. 3.)

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Larkspur LLC, Larkspur Managers LLC, L&M Development Partners, and Lemle & Wolff Co., and deliver to the U.S. Marshals all documents necessary to effect service on these defendants.

SO ORDERED.

Dated:   November 16, 2020
         New York, New York

_____
J. PAUL OETKEN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Larkspur LLC
   5925 Broadway
   Bronx, NY 10463

2. Larkspur Managers LLC
   590 Franklin Avenue
   Mt. Vernon, NY 10550

3. L&M Development Partners
   2 Park Avenue, Floor 23
   New York, NY 10016

4. Lemle & Wolff Co.
   5925 Broadway
   Bronx, NY 10463